UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SUSAN M. KIMBROUGH,
    Plaintiff,

vs.

CINCINNATI ASSOCIATION FOR THE
BLIND AND VISUALLY IMPAIRED,
    Defendant.

Case No. 1:12-cv-342

Beckwith, J.
Litkovitz, M.J.

ORDER

This matter is before the Court following an informal telephonic discovery conference held on May 3, 2013.

Plaintiff, Susan Kimbrough, brings this action against her former employer, the Cincinnati Association for the Blind and Visually Impaired (CABVI), alleging age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* Plaintiff also raises state law retaliation, discrimination, and wrongful discharge claims. Plaintiff requested the conference to address several outstanding discovery requests. As stated during the conference, the Court finds as follows regarding plaintiff's discovery requests.

1. <u>Document Requests 1(a), 1(b)</u>: Document request 1 seeks personnel files, employee relations files, desk files, data files, and/or disability files (hereinafter "personnel files") concerning plaintiff, plaintiff's direct supervisor, Virginia Backscheider, and plaintiff's subordinate, Lori Lindsly. Plaintiff states that defendant has produced certain relevant files, but wants to ensure that all documents in this class are produced regardless of the file-type name. Defendant objects to the request as being overbroad, noting that it is unlimited in scope or time. The undersigned finds that the plaintiff is entitled to the requested documents for the limited time

period of January 1, 2006 to December 31, 2012, and, further, accepts defendant's representations that it has provided all responsive documents in its custody and control.

2. <u>Document Request 1(b); Interrogatories 10, 11</u>: Interrogatory 10 seeks the names, contact information, dates of hire (and transfer and termination where applicable), and disability status of all defendant's employees from January 1, 2006 to the present. Interrogatory 11 and document request 1(b) seeks this information for employees reporting directly or indirectly to Ms. Backscheider and Brian Powell, the Director of Administration, as well as these employees' personnel files. During the conference, plaintiff limited her document requests to the production of personnel files for only those individuals who were managers or supervisors; both parties agree that this is approximately 13-15 individuals. The undersigned finds that plaintiff's request for 13-15 personnel files is reasonably limited in scope. Defendant shall produce the relevant personnel files for these individuals for the time period of January 1, 2006 to December 31, 2012. Defendant may produce these files in paper or electronic format and shall bear the cost of production.

3. <u>Document Request 1(b); Interrogatory 7</u>: These requests seek the identification of and personnel files related to any and all of plaintiff's supervisors, as well as their supervisors, throughout plaintiff's over twenty-year employment with CABVI. Defendant objects on the grounds of overbreadth and undue burden, noting that plaintiff's requests are not limited in time or scope. For the reasons discussed, defendant shall identify and produce the personnel files for plaintiff's supervisors for the time period of January 1, 2003 to December 31, 2012.

4. <u>Document Requests 1(b), 6, 14-16; Interrogatory 9</u>: Interrogatory 9 seeks identification of any individual making formal or informal allegations internally or externally, and on behalf of themselves or another, that defendant has engaged in discriminatory and/or

2

retaliatory conduct from January 1, 2006 to the present. The related document requests seek associated personnel files and all related documentation. Defendant objects on the grounds of over-breadth and undue burden. The undersigned finds that plaintiff is entitled to the requested information for individuals who made claims of age discrimination and made **complaints** about disability discrimination for the time period of January 1, 2006 to December 31, 2012.

5. Document Request 19; Interrogatory 10: Plaintiff's requests seek the identification and contact information for defendant's employees from January 1, 2006 to the present, including the designation of whether they are disabled. As discussed during the conference, defendant shall provide the requested information for only those individuals supervised directly or indirectly by Ms. Backscheider and Mr. Powell for the time period of January 1, 2007 to December 31, 2012. Defendant need not produce any documents in response to Document Request 19 at this juncture. Plaintiff may seek additional documentation in a follow-up request should information related to certain identified individuals appear to be relevant to her claims.[1]

7. Interrogatories 3(a), 3(b), 4, 8, 12: These interrogatories seek the names and related information for defendant's employees who participated in the decisions to terminate plaintiff's employment and discipline plaintiff. As stated during the conference, defendant shall provide responsive answers to plaintiff's requests regarding who had input and was involved in the termination and discipline decisions for the two-year period preceding plaintiff's termination.

8. Document Request 9, Interrogatory 13: These requests seek information regarding defendant's employee benefits, including calculation of the percentage of an employee's salary reflecting defendant's cost for the benefits *or* the annual cost to defendant for benefits for which plaintiff was eligible. During the conference, plaintiff's counsel clarified that information

---

[1] For the numbers that follow, the Court adopts the number and referencing system used by the parties in their letter briefs to the Court.

regarding plaintiff's health and dental benefits was produced and identified, but no other benefit information was produced by defendant. The parties agreed that defendant will provide any additional information on plaintiff's benefits, but is not required to perform any calculations.

9. <u>Document Request 7</u>: This request seeks all employment policies and procedures in defendant's custody and control. The undersigned accepts defense counsel's representation that all responsive documents have been produced.

11. <u>Document Request 18</u>: Plaintiff requested and was provided a copy of defendant's insurance policies relevant to her discrimination and retaliation claims but asserts the policy was improperly redacted. Defense counsel contends the only information redacted involves the premium and deductible costs, which is sensitive information and irrelevant to plaintiff's claims. The undersigned agrees that plaintiff is not entitled to the information regarding the costs of the policy to defendant. Should plaintiff provide supplemental authority demonstrating the relevance and discoverability of this information, the Court may reconsider this ruling.

12. <u>Document Request 22</u>: Plaintiff requests any and all electronically stored information related to her employment with defendant, termination, or the allegations contained in her complaint. The Court accepts defense counsel's representations that all responsive documentation has been provided.

During the conference, the parties agreed that additional time may be needed to complete discovery. For good cause shown, the discovery deadline in this matter is extended to **June 30, 2013**, and the deadline for dispositive motions is extended to **July 31, 2013**.

**IT IS SO ORDERED.**

Date: 5/7/13

Karen L. Litkovitz
United States Magistrate Judge

4