UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SUSAN M. KIMBROUGH,
    Plaintiff,

vs.

CINCINNATI ASSOCIATION FOR THE
BLIND AND VISUALLY IMPAIRED,
    Defendant.

Case No. 1:12-cv-342

Beckwith, J.
Litkovitz, M.J.

**ORDER**

Plaintiff brings this action against her former employer, the Cincinnati Association for the Blind and Visually Impaired (CABVI), alleging, inter alia, age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* This matter is before the Court following an informal telephonic discovery conference held on July 2, 2013. At issue are several outstanding discovery requests by plaintiff and the designation of certain deposition testimony by defendant as confidential. After review of the parties' position letters and consideration of argument by counsel, the Court rules as follows:

1. <u>Reopening of the deposition of Scott DeHart</u>

Plaintiff seeks to reopen the deposition of Scott DeHart, CABVI's human resources supervisor, for purposes of questioning Mr. DeHart concerning documents recently produced by defendant: (1) Jodi Shank's FMLA file; (2) the most recent personnel policies subsequent to the version already produced; (3) the missing pages of alleged "comparator" evidence, to wit, a "review" found at bates no. 003436, a "memo" found at bates no. 3488, and a "360 eval" found at bates no. 3484; and (4) Climate Surveys after 2008.

The Court shall permit the limited reopening of Mr. DeHart's deposition for the sole

purpose of questioning him on Jodi Shank's FMLA file and the missing pages of a "review" found at bates no. 003436, a "memo" found at bates no. 3488, and a "360 eval" found at bates no. 3484. The Court finds that the information contained in Ms. Shank's FMLA file is relevant to plaintiff's retaliation claim. In addition, given the inadvertent omission of the pages identified above, fairness dictates that plaintiff be given the opportunity to question Mr. DeHart on these documents. However, the Court is not persuaded that any further discovery should be permitted on additional personnel policies or Climate Surveys after 2008. Plaintiff has not articulated how the additional personnel policies are relevant to her claims. In addition, the Court is not persuaded that the Climate Surveys after 2008 are relevant or will lead to the discovery of admissible evidence.

2. Emails relating to Dennis Weber performance reviews

Defendant has produced the personnel file of employee Dennis Weber. This personnel file does not include any performance reviews or evaluations, which plaintiff represents is contrary to all of the other personnel files produced in this case. Plaintiff requests that defendant be required to search for and produce any electronic copies or emails of performance reviews for Mr. Weber. Defendant states that the former director of CABVI did not always complete performance reviews and that any such reviews would have been reduced to writing and be contained in the file. Plaintiff disputes this assertion, and states that Messrs. DeHart and Mitchell, the Executive Director of CABVI, both testified that they received reviews and other performance-related documents via email. The Court determines that plaintiff is entitled to electronic copies or emails of performance reviews for Mr. Weber, if they exist, for the limited time period of January 1, 2006 to December 31, 2012.

3. <u>Performance-related electronic documents of other employees</u>

The undersigned previously ordered defendant to produce the personnel files of individuals who were CABVI managers or supervisors (approximately 13-15 individuals) for the time period of January 1, 2006 to December 31, 2012. (Doc. 17 at 2). Plaintiff states that some of these files contain emails relating to the employee's performance and reviews. Plaintiff also states that at his deposition, Mr. DeHart testified he was able to locate performance-related emails in plaintiff's personnel file and he searched for additional associated emails in defendant's electronic database that did not appear in the personnel file. Based on the deposition testimony described above, plaintiff seeks emails and other electronic documents related to performance concerns about employees other than plaintiff. Defendant objects, stating it has produced the personnel files of these individuals in accordance with the Court's order and that plaintiff's request is overbroad.

While the electronic information plaintiff seeks about the comparator employees is relevant, her current request is too broad. Therefore, the undersigned will grant plaintiff's request, in part, for the limited time period of January 1, 2006 to December 31, 2012, and will require defendant to produce any additional performance-related emails that relate to emails already contained in the previously produced personnel files.

4. <u>Confidentiality of deposition testimony related to employee personnel files</u>

In accordance with the protective order in this case, defendant has designated certain portions of deposition testimony related to employee personnel files as confidential. Plaintiff has agreed to treat all documents marked as confidential as such, but has not yet had the opportunity to review the deposition testimony in question. As the Court indicated at the conference, to the extent either party wishes to submit in conjunction with dispositive motions or memoranda

3

documents or deposition testimony marked as confidential, the parties must seek permission from the Court in accordance with Paragraph 5 of the protective order (Doc. 10 at 2-3) and *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996).

Defendant is ordered to supplement its discovery responses in accordance with this order within fourteen (14) days. The parties have agreed to schedule the supplemental deposition of Mr. DeHart at a mutually agreeable date and time. In view of the additional discovery ordered in this matter, the discovery deadline in this case is extended to **July 16, 2013**, and the deadline for dispositive motions is extended to **August 16, 2013**.

**IT IS SO ORDERED.**

Date: 7/3/13

Karen L. Litkovitz
United States Magistrate Judge